No. 30,556.

THE PRATHER-WOLFE MERCANTILE COMPANY, *Appellant*, v. (FRANK CARNES) JOHN CARNES, *Appellee*.

(12 P. 2d 792.)

Opinion denying a rehearing filed July 9, 1932. (For original opinion of reversal, see 135 Kan. 590.)

*C. A. Spencer* and *J. H. Jenson*, both of Oakley, for the appellant.

*J. S. Parker*, of Hill City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant has filed a petition for rehearing, on the ground the court did not discuss specifically the subject of error committed by the district court in failing to instruct the jury as requested on the subject of burden of proof. In the petition for rehearing it is said:

"We cannot believe that this court intends to hold that the failure to give a requested instruction on burden of proof cannot be properly considered by a court on motion for a new trial without a presentation of a transcript of the evidence."

As shown in the original opinion, the issue in the case was whether a wife had authority to sign her husband's name to a check. Defendant requested an instruction which reads:

"You are instructed that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the defendant, John Carnes, signed the instrument sued on, or that he authorized some other person to sign his name to such instrument."

The court wrote on the margin of this instruction the word "Covered," and gave the following instruction:

"If you find and believe from the evidence by a preponderance thereof that Mrs. John Carnes was given authority specifically or generally by her husband to sign the check in controversy in his name and for him, and that she did so sign and write such check, and did deliver such check to Frank Carnes by the direction or authority and approval of John Carnes, and that the check shortly thereafter passed by open indorsement of Frank Carnes into the hands of plaintiff for value and without notice of any defense thereto, if any there were, then your verdict should be for the plaintiff and against John Carnes for $500, with 6 per cent interest from August 5 to date."

The district judge who granted the new trial had before him the pleadings, the instructions requested, the instructions given, and the verdict. He did not have before him the evidence in the case. In the original opinion the court quoted the statute, which provides that a new trial shall not be granted unless, on the pleadings and all the evidence offered at the trial, the court shall be of the opinion the verdict or decision was wrong. In the original opinion the court cited the decisions interpreting the statute, and the court said, as it has said innumerable times, that in order to show ground for new trial it is necessary to show the matter complained of affected the verdict. The court supposed this was sufficient. The district court could not say, without consideration of the evidence, that failure to give the requested instruction regarding burden of proof was of necessity prejudicial to defendants. A reading of the testimony in the case might have demonstrated that omission to give the requested instruction could not have been prejudicial. Neither the judge who tries a case nor his successor has authority to grant a new trial merely because of error in omitting to give a requested instruction on burden of proof, or any other subject. It must affirmatively appear the error affected the result, and this cannot appear without consideration of the case in the manner in which the statute directs.

The petition for rehearing is denied.